### C. B. ALVIA v. THE STATE.

No. 2209.    Decided January 16, 1901.

**1. Burglary—Recent Possession and Explanation—Charge.**

On a trial for burglary of an empty house, from which doors and window sash were taken and at the time defendant was first found in possession of the same, he stated, and at the trial testified, that he had received the property

from a contractor in payment of some hauling he had done for the latter, the charge of the court was defective and insufficient which failed to tell the jury, in effect, that if defendant purchased the property from the contractor, or if they had a reasonable doubt of that fact, they should find him not guilty.

**2. Same—Theft of Articles Attached to Realty.**

On a trial for burglary, where it appeared that the house entered was an empty house, and that the doors and window sash taken from the house were attached to and part of the same; Held, that, under our law, the severance of the doors and sash from the house without the owner's consent, and with fraudulent intent to appropriate them, and their appropriation by defendant, constituted theft of the property.

**3. Same—Indictment—Ownership—Variance.**

On a trial for burglary, where the indictment alleged that the house was kept and controlled by one D. H. W., and the evidence showed that it was an empty house belonging to J. C. W., Held, there was no variance between allegation and proof, where the evidence further showed that the house was in the exclusive care, control, and management of the aforesaid D. H. W. The person having possession, management, and control of a house is special owner of the same, and ownership is properly laid in such special owner.

APPEAL from the Criminal District Court of Galveston. Tried below before Hon. A. C. ALLEN.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion sufficiently states the case.

*Wilford H. Smith,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary. The evidence shows that an empty house in Galveston was entered in the daytime, and three doors and several window sash taken therefrom. At the time of the entry no one occupied the house, and it was in the control of D. H. Wilson, for the purpose of renting; Wilson being a real estate agent in the city of Galveston. C. N. Wilson, an employe of D. H. Wilson, had the keys in his possession. D. H. Wilson had the exclusive care and control of the premises. The property belonged to John C. Walker. Upon the trial appellant testified he had received the property in question from a contractor in payment for some hauling he had done for said contractor.

The first ground of appellant's motion is that the court failed to charge on the law relative to appellant's explanation of the possession of the property alleged to have been stolen, there being evidence before the jury that defendant did make explanation of his possession at the time he was first found in possession of said property, and appellant also testified for himself on the witness stand to the source from which he acquired the property. We think the latter contention of appellant is correct. The court should have charged on appellant's defense; that is, the court should have told the jury if appellant purchased the prop-

erty from the contractor, or if they had a reasonable doubt of that fact, they should find him not guilty.

Appellant's second ground is that the evidence showed that the house was entered in the daytime, and there was nothing in the house whatever at the time of the entry, except the house itself and its doors and windows, which at the time of such entry were not severed, and were a part and parcel of the realty, and hence not the subject of larceny, and the proof failed to show that the entry, if made, was for the purpose of stealing personal property in the house, as alleged in the indictment. The common-law rule that, to constitute theft of an article attached to the realty, there must be a severance prior to the asportation, does not obtain in this State. Under our law, the act of severance converts the article into a chattel, and, no matter how instantaneous its removal may be, the taking is theft, if done without the consent of the owner and with a larcenous intent. Hence we hold appellant's contention is not well taken, since the property stolen was severed from the realty, and subsequently converted to appellant's use. See Ex Parte Willke, 34 Texas, 155; Harberger v. State, 4 Texas Crim. App., 26. Answering appellant's further contention, in our opinion the evidence shows the entry was made for the purpose of committing theft.

Appellant's third ground is there is a fatal variance between the allegation in the indictment and proof. The indictment charged the house to be kept and controlled by D. H. Wilson, when the proof showed the house to be entirely empty, belonging to John C. Walker, of the city of Galveston, and was placed in the hands of D. H. Wilson, a real estate agent, to rent. The evidence shows that D. H. Wilson had the exclusive care, control, and management of the property. This being the case, it is proper for the indictment to allege, as it does, the ownership in D. H. Wilson. In Lega v. State, 36 Texas Criminal Reports, 38, we held that where an indictment for burglary charged it was committed with intent to steal property of a certain person, and it appeared that such person had the control of the burglarized house, the admission of testimony of another party that he owned the property taken from the house was not erroneous, because the party having the possession, management, and control of the house was in law the special owner of the house, and the ownership was properly laid in him. In such case it is not necessary to prove the ownership and want of consent of the real owner. See Lamater v. State, 38 Texas Crim. Rep., 249.

Appellant strenuously insists the evidence is not sufficient to support the verdict. In view of another trial, we do not deem it necessary to express an opinion on this; but for the error above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*