### WILL WHITE V. THE STATE.

#### No. 812. Decided November 16, 1910.

#### Rehearing Denied December 21, 1910.

**Burglary—Charge of Court—Purchase—Explanation.**

Where, upon trial of burglary, the defendant claimed by his testimony to have purchased the alleged stolen property some months before the burglary, there was reversible error in the court's failure to submit to the jury a distinct, affirmative and substantive charge on the question of the purchase of said property. Following Bond v. State 23 Texas Crim. App., 180, and other cases; and this was especially required where the evidence was slight and fragmentary.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. H. Holland* and *R. L. Neal,* for appellant.—On the question of the court's failure to charge on purchase: James v. State, 32 Texas Crim. Rep., 509, 24 S. W. Rep., 642; Wheeler v. State, 34 Texas Crim. Rep., 350, 30 S. W. Rep., 913; Hernandez v. State, 18 Texas Crim. App., 134; Windham v. State, 19 Texas Crim. App., 413, and cases stated in opinion.

*John A. Mobley,* Assistant Attorney-General, and *W. G. Love,* District Attorney, for the State.—On question of the court's failure to charge on purchase: Jones v. State, 53 Texas Crim. Rep., 131; Johnson v. State, 56 Texas Crim. Rep., 540, 120 S. W. Rep., 1000.

RAMSEY, JUDGE.—Appellant was charged by indictment filed in the Criminal District Court of Harris County on December 10 of last year with burglary. The house alleged to have been burglarized was averred to belong to or be occupied and under the control of

one Ivan Henry. The indictment contains two counts, one charging in effect a daytime burglary, and the other burglary at night. The conviction was under the second count.

The facts in the case show that Ivan Henry was a roomer in a rooming-house situated in Houston, which room was occupied by himself and a man named Newman, and on the night of the 21st day of September, 1909, this house was entered by someone, and, among other things, a chain and locket or charm taken therefrom. These articles, which were found in possession of appellant some few weeks after the burglary, were produced on the trial and identified by Henry. His means of identification were somewhat shaken on cross-examination, but it may be sufficient to say that finally his identification was to himself at least satisfactory and his statement of it clear and unquestioned. Appellant introduced a number of witnesses who claim to have seen him in possession of the chain and charm identified by Henry as having been taken from his room, and which had been produced on the trial and were exhibited to these witnesses as early as in June or July, 1909. Their identification of the chain and charm produced as having been in appellant's possession in June or July before was also positive. This same claim was supported by the testimony of appellant as a witness on the stand, who claimed to have purchased the chain and charm some months before this.

1. Now, in this condition of the case counsel for appellant complain of the failure of the court to give a distinct, affirmative and substantive charge on the question of the purchase of said chain and charm which the prosecuting witness had testified had been stolen, but which, according to the evidence adduced on behalf of appellant, he had purchased and in the possession of which he had been at least since the 19th of June, 1909. We think there can be no doubt that the court erred in not submitting this matter to the jury. It constituted appellant's defense, and he was entitled to a fair and clear submission of this issue to the jury. It has been held that where one claimed that he had purchased the alleged stolen property and adduced evidence in support of such purchase, that an opportune charge of the court with regard to explanation of possession of recently stolen property which ignores the defense of purchase relied upon by the accused is insufficient. Bond v. State, 23 Texas Crim. App., 180; Shuler v. State, 23 Texas Crim. App., 182; Hays v. State, 30 Texas Crim. App., 472. Almost the precise question here considered was decided in favor of appellant's contention in the case of Alvia v. State, 42 Texas Crim. Rep., 424, 60 S. W. Rep., 551, where it was held that on a trial for burglary in entering an empty house and taking several doors and windows therefrom, and defendant testified that he had received the property from a contractor in payment for work done, and showed he had made that explanation when the stolen property was found in his possession, it was held that the failure of the court not to charge that if defendant did so purchase the property,

or if the jury had a reasonable doubt of that fact, they should acquit, was error.

2. There are a number of other questions presented, but they are not authenticated in such manner as to be a fair subject of review in this court. It is to be noted, however, that while the record shows that appellant was a very bad man, had been in the reformatory once, and in the penitentiary several times, that the evidence against him is very slight and fragmentary. There is no showing, as a matter of fact, at the time of the commission of the offense he lived in Harris County, or in fact was in the county or had been in the county for some time after the burglary until his arrest several weeks after same had been committed when the chain and charm were found in his possession. Considering the nature of the property, the length of time since it had been taken, and all the facts, it must seem clear that a conviction ought not to be sustained on such evidence if any issue arising in the testimony, however slight, was not fully and fairly submitted.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

[Rehearing denied December 21, 1910.—Reporter.]