## No. 9384.

### SLOAN *v.* THE PEOPLE.

CRIMINAL LAW—*Burglary of Dwelling—Ownership.* Under Rev. Stat. 1675 breaking into an unoccupied house is burglary. The ownership is properly laid in an agent having general charge and control of the premises.

*Error to Denver District Court, Hon. Julian H. Moore, Judge.*

Mr. JOEL E. STONE, and Mr. WILLIAM H. GABBERT, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, Mr. CHARLES ROACH, Deputy Attorney General, and Mr. J. W. KELLEY, for The People.

Opinion by Mr. Justice Allen.

The plaintiff in error was convicted of the crime of burglary of a dwelling house. It is contended by his counsel that there is a fatal variance between the allegation in the information, and the proof adduced at the trial with respect to the ownership of the house. This contention

arises from, and is based upon, the following facts. The information describes the building burglarized as "the dwelling house of W. W. Watson." The evidence was that at the time of the alleged offense the "owner," meaning the person having the fee title to the premises, was one Charles C. Harrison, a non-resident. The house was unoccupied, but was in the possession, management, and control of W. W. Watson whose name is used in the information as that of the owner. Watson was the agent of Harrison in the sale, renting, and care of the building.

The trial court held that under the foregoing facts the ownership of the dwelling house was properly laid, in the information, in Watson, and that therefore there was no variance between the ownership pleaded and proven. The correctness of this ruling presents the first question for our determination.

Under our statute, burglary includes the breaking and entering into of unoccupied as well as of occupied dwelling houses, thus making it an offense against property and not merely against the habitation. 9 C. J. 1009.

Allegations as to ownership in burglary cases might, on this account, be placed on the same footing as such averments in charges of larceny. In an information charging larceny the ownership of the goods stolen may be laid in the person in whose possession the property was at the time of the theft, although such person is merely an agent and not the real owner. 17 R. C. L. 61, sec. 66. The reason for such rule in larceny cases is thus stated in 25 Cyc. 89;

"The actual condition of the legal title is immaterial to. the thief; so far as he is concerned, one may be taken as the owner who was in peaceable possession of it, and whose possession was unlawfully disturbed by the taking."

Practically in the same language could be stated a reason for applying the same rule to averments of ownership in an information charging burglary. In Maxwell's Criminal Procedure, 104, 105, the author says:

"The object is to describe the place where the offense was committed, not to determine the ownership of the property. Ownership as against the burglar means any possession which is rightful."

From the foregoing it would seem to follow that the possession which is equivalent to ownership for the purpose of proving the offense in this class of cases need not be a possession coupled with actual occupancy, as a dwelling or otherwise, of the burglarized premises. The authorities are not inconsistent with this view. In 2 Enc. of Evidence, 815, it is said:

"Proof that one was in actual or constructive possession of the burglarized premises is sufficient to establish his alleged ownership."

This expression is in complete accord with the text in 3 Bishop's New Crim. Proc., sec. 137, where the author says that ownership in burglary means "any possession which is rightful as against the burglar."

There are numerous cases where the ownership was held properly laid, in indictments or information for burglary, in the person who was in the possession and occupancy of the burglarized dwelling. 9 C. J. 1044. But it does not follow from such decisions that occupancy is essential to constitute possession within the meaning of the rule laid down by Bishop. In *Hahn v. State*, 60 Nebr., 487, 83 N. W. 674, the ownership was laid in one who had charge of the building on behalf of non-resident owners. The court said: "The person living in, and having general charge and control of, the building was the owner thereof in contemplation of law, when applied to the crime of burglary." The expression just quoted, did not arise solely from the fact that the agent occupied the building. The building was a three story brick with stone basement. The burglary was committed in the hallway of the basement. The agent lived in rooms on the first story, which did not communicate with the basement. The court's opinion fairly indicates that the decision was primarily based, not upon the occupancy, but

upon the fact that the agent "had the charge and control of the entire building." The opinion cites the passage from Maxwell's Criminal Procedure hereinbefore quoted.

In *Avia v. State*, 42 Tex. Crim. 424, 60 S. W. 551, the facts are parallel with those in the instant case. The court there said:

"Appellant's third ground is there is a fatal variance between the allegation in the indictment and the proof. The indictment charged the house to be kept and controlled by D. H. Wilson, when the proof showed the house to be entirely empty, belonging to John C. Walker, of the city of Galveston, and was placed in the hands of D. H. Wilson, a real estate agent, to rent. The evidence shows that D. H. Wilson had the exclusive care, control and management of the property. This being the case, it is proper for the indictment to allege, as it does, the ownership in D. H. Wilson."

, In our opinion, the decision in the above Texas case is correct and should be followed here. Burglary of an unoccupied dwelling house is not an offense against habitable security, but is a crime against property, the same as if the building were a shop, warehouse, or chicken house. The allegation of ownership in such cases is sustained by proof of either actual or constructive possession. Sec. 2 Enc. of Evidence, 215. No reason exists for drawing a distinction between possession in one's individual capacity and possession as an agent. In *People v. Smith,* 1 Parker's Crim. Rep. (N. Y.) 329, the possession was held by an agent.

In *State v. McGuire,* 193 Mo. 215, 91 S. W. 939, the following appears in the opinion:

"While it is true there was no direct evidence of ownership of the chicken house in Lee Stewart, as alleged in the information, there was an abundance of evidence that he was in the actual possession of it at the time of the burglary and such evidence sustained the allegation of owner-

ship in him. 'In burglary, ownership means any possession which is rightful as against the burglar.' "

In the instant case Watson undoubtedly had the possession of the house at the time it was burglarized. His testimony, which was not contradicted, was to the effect that he was the agent for a non-resident owner, and that as such agent he had entire charge, management and control of the premsies. His duties as such agent consisted in the sale, renting, and care of the property generally. His possession, whether it be called actual or constructive, was rightful as against the defendant, and was such possession as satisfies the rule herein discussed. The trial court properly found that there was no variance between the pleading and the proof, as to the ownership, as the term "ownership" as applied to buildings is regarded in prosecutions for burglary.

The second and remaining question argued in the briefs is whether or not, assuming a variance to exist the same was prejudicial and constituted a ground for reversal. Since we hold that there was no variance, the second question becomes immaterial and need not be considered.

The judgment is affirmed.

*Affirmed.*

Chief Justice Hill and Mr. Justice Bailey concur.