## No. 15,374.

### NELSON *v.* THE PEOPLE.

(142 P. [2d] 888)

Decided October 4, 1943.   Rehearing denied November 1, 1943.

Mr. CLARENCE L. MAGEE, Mr. BYRON G. ROGERS, Mr. W. D. McCLAIN, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. WALLACE S. PORTH, Assistant, for the people.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

Plaintiff in error is hereinafter referred to as defendant, one Henry F. Pantzer, deceased, as Pantzer, and his sister and administratrix of his estate, Sarah E. Bassette, as administratrix.

Defendant was convicted of grand larceny, i.e., the theft of two fifty dollar bills *from the administratrix* and sentenced to from three to five years in the penitentiary. To review that judgment he brings error. There are ten assignments which counsel argue under three headings: 1. Variance between charge and proof; 2. failure of proof of nonconsent to the taking; 3. failure of proof of intent to steal.

From the evidence received, the jurors were fully justified in finding as follows: Pantzer was accustomed to carry in a billfold in his shirt pocket certain bills of large denominations the numbers of which he entered in a separate record. March 8, 1942, he had therein two fifty dollar bills. On that morning he was ill and being cared for by defendant, his friend, neighbor and former employee. A doctor was called and immediately responded, but death's messenger preceded him. Others gathered, and while they were in an adjoining room and defendant alone in the kitchen he picked up or abstracted the two bills above mentioned and put them in his pocket. He said no word of this to relatives or other friends of Pantzer, or to any officer of the law, until after his arrest, though several opportunities presented themselves naturally calling for some statement. He made small purchases with the bills and kept the change. When the recorded numbers were discovered and no corresponding bills materialized curiosity was aroused and the bank and local merchants were advised. Through their vigilance the bills were located and traced to defendant.

Defendant's explanation was that he found the bills on the floor and, not knowing to whom they belonged, awaited developments. The truth of that was of course for the jurors. Their verdict testifies that they had no

doubt of its falsity and the record supports that conclusion.

■ 1. Four days after the death of Pantzer the administratrix was appointed. The theft having occurred in that interim defendant contends that at the time the bills were taken they were not the property of the administratrix as charged, but of the heirs, and judgment in the instant case would hence be no bar to a prosecution for the theft of the same property from the heirs. We need not follow now the theory under which the charge here was framed, nor the course of reasoning which supports it. The practice followed accords with the general rule and is supported by the great weight of authority. 36 C.J., p. 839, §339. The reasoning is set forth with ability and clarity by Chief Justice Shaw of the Supreme Court of Massachusetts. *Wonson v. Sayward,* 13 Pick. (Mass.) 402, 23 Am. D. 691. We find nothing in the cases decided by this court, and cited by defendant, requiring a contrary ruling here, but do discover excellent arguments supporting the rule. *Sweek v. People,* 85 Colo. 479, 484, 277 Pac. 1; *Sloan v. People,* 65 Colo. 456, 176 Pac. 481. The title which supports a charge of larceny need not, and often can not, be absolute. When the information was filed January 4, 1943, title was in the administratrix. When the theft was committed the property was theoretically in the custody of the law. The person from whom possession was wrongfully withheld from March 12, the date of the appointment of the administratrix, until defendant was arrested was the administratrix. We doubt not that were defendant informed against as assumed and the facts alleged in the charge as he could require them to be, a plea of former jeopardy would of necessity be sustained.

■ 2. Want of consent to the taking is a reasonable inference established from the facts. They negative any consent of the heirs, or of the court, and the dead man was without the jurisdiction. The drawing of such in-

ference by the jury is supported by the Sweek case, supra.

3. Intent to steal was a question for the jury and a justifiable inference from the established facts. Against the damning evidence of defendant's action, and failure to act, we have simply his statement of the purity of his motive. Where truth reposed is not for us. The finding of the tribunal charged with that answer is not only supported by the record but by the common experiences of life as they reveal the motives which prompt the actions of men.

The judgment is affirmed.