## No. 17,919.

RAYMOND T. ROMERO, ET AL. *v.* PEOPLE OF THE STATE
OF COLORADO.

(304 P. [2d] 639)

Decided December 3, 1956.   Rehearing denied December 24, 1956.

Mr. FRANCIS P. O'NEIL, for plaintiffs in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E.
HICKEY, Deputy, Mr. NORMAN H. COMSTOCK, Assistant,
for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

WE will herein refer to plaintiffs in error as defendants.

Defendants were convicted on counts of an information which charged the offenses of grand larceny and conspiracy to commit grand larceny. After motion for a new trial was heard and denied, judgment was en-

tered and defendants were sentenced to terms in the Colorado state penitentiary. They seek reversal of the judgment by writ of error.

Upon the record as submitted there is but one question to be determined. It is argued that there is fatal variance between the allegations of the information and the proof, in that the property stolen was alleged to be that of Westric Battery Company, whereas the evidence established ownership of some of the property in the I.C.X. Truck Line, and other items in one Snyder.

■ It was alleged in the information that the stolen property consisted of "eight automobile batteries." The evidence conclusively established that the batteries in question were in the exclusive possession of Westric Battery Company for the purpose of being repaired, and that they had been delivered to that company for that purpose by the title owners.

In 32 Am. Jur., § 113, P. 1025, it is said:

"It is well settled that the ownership [in larceny cases] may be laid either in the real owner or in the person in whose possession the property was at the time of the theft. * * *"

See also 52 C.J.S. § 81, p. 886. The above-quoted rule has been followed in this jurisdiction. *Sloan v. People,* 65 Colo. 456, 176 Pac. 481; *Collins v. People,* 69 Colo. 343, 193 Pac. 634; *Collins v. People,* 69 Colo. 353, 195 Pac. 525; *Nelson v. People,* 111 Colo. 434, 142 P. (2d) 388.

There is no merit in the contention of counsel for defendants that there is insufficient evidence of value of the property to sustain a conviction of grand larceny. The guilt of defendants is abundantly supportd by the evidence.

The judgment is affirmed.