## No. 21230.

NATHANIEL RAULLERSON *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(412 P.2d 236)

Decided March 14, 1966.     Rehearing denied April 4, 1966.

Donald L. Lozow, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

Plaintiff in error, hereinafter referred to as the defendant, was found guilty of the crime of larceny of a motor vehicle. Judgment was entered upon the verdict of the jury and the defendant is here on writ of error seeking reversal on four assignments of error, as follows:

"I. The Court erred in allowing the late endorsement of witnesses, both before trial and during the trial.

"II. The Court erred in allowing the case to go to the jury as there was not a prima facie showing of one of the material allegations, to-wit: that the owner of the vehicle in question had not given consent to the Defendant to use the vehicle.

"III. The Court violated the Best Evidence Rule in allowing the State to enter into evidence State's Exhibit 'F'.

"IV. The identification of the Defendant was completely insufficient to warrant a conviction, and, therefore, there should be a reversal."

The evidence produced by the people tended to prove the following facts: One William Gonzales, was the purchaser of a certain 1958 white Chevrolet Impala automobile, which he had in his possession on May 17, 1962. On that date Gonzales drove the automobile to a hospital in the city of Denver where the car was left by him in a parking lot. When he returned to the place where the car had been parked he found that it was no longer there. After reporting the vehicle missing, he conducted his own investigation as to the whereabouts of his car, and while so doing, on May 19, 1962, he located it in the 2200 block on York street. He stated that he gave no one permission to remove his car from the lot where he had parked it and that he had no license plates on it while it was in his possession.

James J. Daley, a patrolman with the Denver Police Department, testified that on May 19, 1962, pursuant to a call, he arrived at 2225 York street where he observed a 1958 white Chevrolet sedan. He stated that at that time the car had Colorado license plate AR-7239 affixed to it.

Officer Paul E. Shiveley testified that he went to the address of Mr. Gonzales at which place he attempted to use certain keys previously taken from the possession of the defendant. One of the keys fit the door lock, trunk lock and ignition on Mr. Gonzales' car.

The defendant was identified by a 12½ year old girl as the person driving a 1958 white Chevrolet Impala on Eudora street on May 19, two days following the theft. Exhibit F, an "accounting stub" which was part of the records of the Motor Vehicle Department of the city of

Denver relating to motor vehicle license renewal and registration, was admitted in evidence over objection. It was established by this exhibit that the license plates found on the stolen car were originally issued to the defendant for use on a motor vehicle of a different make.

The trial court committed no error in permitting the district attorney to endorse witnesses immediately prior to the trial, and no error was committed warranting a reversal of the judgment by admitting the testimony of the witness Gallatin, even though he had not theretofore been endorsed as a witness on the information.

It appears that several days before the date of trial the attorney for the defendant was given written notice that application would be made to endorse the names of three additional witnesses upon the information. He was then advised concerning the evidence to be elicited from each of them. That evidence related to the procedures involved in the registration of motor vehicles by the city of Denver. There was no showing whatever that the defendant could have disproved any of this evidence if he had an earlier notification that the witnesses were to be called. No request was made for a reasonable time within which to contradict the evidence given by these witnesses. Not one word of testimony was offered by the defendant to dispute any of the state's evidence. We have held that the granting of leave to endorse witnesses on a criminal information is discretionary with the trial court. Moreover, in the absence of a showing of prejudice to the substantial rights of the accused and in the absence of a request for a continuance for a reasonable time within which to meet the evidence produced by the "surprise" witnesses, there is no error. *Landford v. People,* 148 Colo. 300, 365 P.2d 893; *Gorum v. People,* 137 Colo. 1, 320 P.2d 340; *Stone v. People,* 71 Colo. 162, 204 Pac. 897.

With reference to the defendant's second as-

signment of error, to-wit, that there was an insufficient showing that the "owner" of the stolen automobile had not given consent to the taking thereof, the argument seems to be that Mr. Gonzales was not the "owner" because the Bank of Denver held the title to the car as security. There was no evidence warranting this assertion. However, even if true, it does not follow that lack of consent of both legal and equitable owners of the vehicle must be shown before a conviction can be sustained. In *Romero v. People,* 134 Colo. 342, 304 P.2d 639, we quoted with approval the following statement from 32 Am. Jur., § 113, page 1025:

"It is well settled that the ownership [in larceny cases] may be laid either in the real owner or in the person in whose possession the property was at the time of the theft. * * *"

See also *Nelson v. People,* 111 Colo. 434, 142 P.2d 388; and *Sloan v. People,* 65 Colo. 456, 176 Pac. 481.

■ Exhibit F, which was admitted over objection, was one of the records required by C.R.S. 1963, 13-3-11, to be kept by the city officials having to do with the registration of motor vehicles. It was properly identified by a qualified witness. Official records kept pursuant to law are competent evidence of the ownership of a motor vehicle. *Foreman v. State,* 214 Ind. 79, 14 N.E.2d 546. In the early case of *Knowles v. Martin,* 20 Colo. 393, 38 Pac. 467, this court said, *inter alia:*

"* * * As the record offered was one required by the law to be kept by the treasurer, it was not only competent, but the best evidence of the facts required to be stated therein, * * *."

■■ The last assignment of error is directed to the testimony of Linda Lepore in which, upon cross-examination, she qualified her identification of the defendant as the person she had seen driving a car which answered the description of the vehicle that had been stolen. There was an abundance of evidence of a circumstantial

nature to sustain the judgment without the testimony of this witness. The matter to which this assignment of error relates goes only to the credibility of the witness; it does not relate to its admissibility. *People v. Spinuzzi,* 149 Colo. 391, 369 P.2d 427. The jury was the sole judge of the credibility of her testimony.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. JUSTICE PRINGLE concur.