**The PEOPLE of the State of Colorado,
Plaintiff-Appellee,**

**v.**

**Clayton FERGUSON, Jr.,
Defendant-Appellant.**

**No. 83CA0149.**

Colorado Court of Appeals,
Div. III.

Oct. 25, 1984.

Rehearing Denied Dec. 6, 1984.

Certiorari Denied May 6, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jonathan L. Olom, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Clayton Ferguson, Jr., appeals the judgment of conviction entered on the jury verdict finding him guilty of theft. We affirm.

Evidence presented by the prosecution showed the following events to have occurred. On the evening of April 30, 1982, a dinner party attended by 32 persons was held at a restaurant in Boulder. After dinner, one of the members of the party collected the funds to pay for the dinner. While walking toward the cashier, he was met by defendant. Based upon their conversation, the patron believed the defendant to be a member of the restaurant's staff. When defendant offered to take the bill and the money, the patron gave him the bill and cash and checks totaling $411.10 he had collected from the members of the party.

Defendant was then seen quickly leaving the restaurant. The manager of the restaurant called the police and defendant was apprehended nearby. Defendant was not an employee of the restaurant and was not authorized to accept money on behalf of the restaurant.

## I.

Defendant first contends that when the cash and checks were taken they were not yet owned by the restaurant. Thus, he argues that there was no proof of theft from the restaurant, which was named as the victim in the information, and that, accordingly, the court erred in denying his motion for acquittal. We disagree.

■ If a person has parted with consideration entitling him to receive a thing of value, then he need not have obtained actual physical custody or delivery of the thing of value in order to have a proprietary interest in it. *See People v. Jones*, 701 P.2d 868 (Colo.App.1984); *Midland Bean Co. v. Farmers State Bank*, 37 Colo.App. 452, 552 P.2d 317 (1976). Here, the restaurant had parted with food, drinks, and service in return for which they were entitled to compensation. At least one of the checks had been approved by an authorized representative of the restaurant. The dinner party had dispersed, and the consideration was being delivered to the cashier when taken by defendant. Under these circumstances, the restaurant's interest had ripened from an expectancy prior to service of the dinner party to an unconditional property right. *Cf. People v. McCain*, 191 Colo. 229, 552 P.2d 20 (1976).

■ We conclude that the evidence, when viewed in the light most favorable to the prosecution, *see People v. Gonzales*, 666 P.2d 123 (Colo.1983), showed that the restaurant, as named victim, had a sufficient proprietary interest in the funds to prove that defendant stole a thing of value from "another." Section 18–4–401(1), C.R.S. (1978 Repl.Vol. 8); *see Martinez v. People*, 177 Colo. 272, 493 P.2d 1350 (1972). Thus, the trial court did not err in denying defendant's motion for judgment of acquittal.

## II.

The defendant further asserts that the trial court erred in refusing his tendered instruction which specifically applied the culpable mental state of "knowingly" to the element of "without authorization." Again, we disagree.

■ The trial court gave the standard defense instruction on theft. *See* Colo.J.I. Crim. 16:01. It tracked the statutory language, *see* § 18–4–401, C.R.S. (1978 Repl. Vol. 8), and specified prior to the enumerated elements that "knowingly" was to apply to each element of the offense. According-

ly, defendant's special tendered instruction was not required. *People v. Gresham,* 647 P.2d 243 (Colo.App.1981); *see People v. Freeman,* 668 P.2d 1371 (Colo.1983).

Judgment affirmed.

BERMAN and METZGER, JJ., concur.