The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Corwin H. SCHLICHT, Defendant-Appellant.

No. 84CA0023.

Colorado Court of Appeals, Div. I.

Sept. 5, 1985.

Rehearing Denied Oct. 3, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Rachel A. Bellis, Deputy State Public Defender, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant, Corwin H. Schlicht, appeals from a judgment of conviction entered following a jury verdict finding him guilty of theft. We affirm.

The prosecution's evidence reveals that in January 1982 defendant and his wife opened a joint checking account at the Bank of Winter Park and a savings account in wife's name. In April 1982, defendant deposited to the checking account his federal income tax return checks in the amount of $1,907.17. In crediting the deposit to the checking account the bank made a computer encoding error and the defendant's end-of-month bank statement showed a deposit of $10,907.17.

On April 28, 1982, the bank paid a $4,600 check made out to cash by defendant and processed a telephone request by defendant to transfer $3,000 from the checking account into his wife's savings account. The wife's savings account was closed and paid out in cash in May 1982 and the checking account was closed in June 1982.

The bank discovered its mistake in July 1982 when it received a $9,000 debit advisement from its correspondent bank. After an internal review of its records, the bank determined that an error had been made in defendant's checking account in April 1982.

The defendant first contends that there was insufficient evidence to prove that the Bank of Winter Park had an absolute property right in the $9,000 during the time that defendant took that amount. Defendant argues that an essential element of the crime of theft, that the subject of the theft actually belonged to the person named as owner in the information, was not proven beyond a reasonable doubt. We disagree.

 Theft includes a knowing exercise of control over anything of value "of another" without authorization. Section 18–4–401(1), C.R.S. (1978 Repl.Vol. 8). The element requiring ownership by "another" does not require proof of the titled ownership by "another." *See Nelson v. People,* 111 Colo. 434, 142 P.2d 388 (1943); *People v. Ferguson,* 701 P.2d 72 (Colo.App.1985).

 The evidence showed that defendant was not authorized to make the withdrawals that he did, and that the bank was the owner of the $9,000. *See People v. Singer,* 663 P.2d 626 (Colo.App.1983). Defendant's argument that the bank lacked an adequate interest in the $9,000 until its discovery of the erroneous credit is without merit. For the purposes of this case, the bank was the owner as against the defendant who exercised control over money to which he was not entitled. *See also People v. Ferguson, supra.*

The evidence here, as necessarily viewed in the light most favorable to the prosecution, is competent and sufficient to establish the element of ownership; therefore, we may not overturn the jury's guilty verdict. *People v. Duemig,* 620 P.2d 240 (Colo.1980).

Defendant next contends that the trial court committed plain error by failing to instruct the jury *sua sponte* on the affirmative defense of mistake of fact. We disagree.

Although the court has a duty to instruct the jury fully on every issue presented, the issue of mistake was not here presented at trial, nor was there any evidence which would indicate that defendant mistakenly believed the money belonged to him. As a result, there was no error much less plain error. *See People v. Mackey*, 185 Colo. 24, 521 P.2d 910 (1974).

Judgment affirmed.

KELLY and BABCOCK, JJ., concur.