The PEOPLE of the State of Colorado,
Plaintiff–Appellant,

v.

Ronald L. ROTELLO,
Defendant–Appellee.

No. 86SA369.

Supreme Court of Colorado,
En Banc.

May 23, 1988.

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy Brighton, for plaintiff-appellant.

Law Firm of Chris Melonakis, Chris Melonakis, Northglenn, for defendant-appellee.

VOLLACK, Justice.

The People appeal the denial of a request to file a direct information against Ronald L. Rotello in the Adams County District Court, charging Rotello with four counts of felony theft in violation of section 18–4–401, 8B C.R.S. (1986). We affirm.

In 1984, Rotello entered into a one-year lease with the Adams County Board of County Commissioners (board) to sell beer and soft drinks in the Waymire Community Building and the Outdoor Arena at the Adams County Regional Park Complex (complex). Under the lease, Rotello was

granted the right to sell beer and soft drinks at the complex. In return, the lease called for Rotello to pay the board rent equal to nineteen percent of the gross income from the sale of beer and soft drinks at various events, to report this income to the board on the tenth day of each month, and to pay the board on the fifteenth day of each month. A second one-year lease was signed in 1985, which was similar to the 1984 lease except that Rotello was granted permission to sell wine and liquor in addition to beer and soft drinks, and the rent was raised from nineteen to twenty-two percent.

The Adams County District Attorney charged Rotello with four counts of felony theft in violation of section 18–4–401, 8B C.R.S. (1986), based on failure to report or underreporting of the amount of money owed to the board from the sale of beverages at the complex between January 1, 1984, and December 31, 1985. After holding a six-hour preliminary hearing in Adams County Court on July 29 and July 31, 1986, the county court concluded that Rotello's conduct created a debtor-creditor relationship but did not give rise to criminal liability. The county court dismissed the charges, holding that the People had failed to establish probable cause to believe that Rotello had committed the crime of felony theft.

The People then moved the district court for permission to file a direct information against Rotello pursuant to Crim.P. 7(c)(2). Following a hearing on September 19, 1986, the district court denied the motion to file a direct information. The People appealed directly to this court pursuant to section 16–12–102, 8A C.R.S. (1986).

■ The People contend that both the county court and the district court erred as a matter of law in concluding that a mere debtor-creditor relationship was established. We do not agree. Both courts applied the proper legal standard, weighed the competing interests appropriately, and reached the correct conclusion.

■ Filing a direct information in the district court pursuant to Crim.P. 7 is the exclusive remedy available to the prosecution when the county court dismisses a charge after holding a preliminary hearing. *People v. Freiman,* 657 P.2d 452, 454 (Colo.1983). Consent of the district court is required before the prosecution can file a direct information pursuant to Crim P. 7(c)(2), and we will not overrule a denial of such motion absent an abuse of discretion by the district court. *People v. Sabell,* 708 P.2d 463, 465 (Colo.1985); *see also People v. Swazo,* 191 Colo. 425, 427, 553 P.2d 782, 783 (1976). When exercising its discretion, the district court must balance the right of the district attorney to prosecute criminal cases against the need to protect the accused from discrimination and oppression. *Sabell,* 708 P.2d at 466; *Borg v. District Court,* 686 P.2d 781, 782–83 (Colo.1984); *Freiman,* 657 P.2d at 453. The prosecution is not required to produce new or additional evidence in order to file a direct information, although its presence or absence is one additional factor for the district court to consider. *Holmes v. District Court,* 668 P.2d 11, 14 (Colo.1983). Erroneous legal or factual conclusions will support a motion to file a direct information. *See id.*

Here the county court did not err in concluding that the People failed to produce evidence sufficient to induce a person of ordinary prudence and caution conscientiously to entertain a reasonable belief that the defendant committed the crimes charged. Rotello was charged with four counts of class 4 felony theft in violation of section 18–4–401(1), which states:

(1) A person commits theft when he knowingly obtains or exercises control over *anything of value of another* without authorization, or by threat or deception, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or

(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or

(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will de-

prive the other person permanently of its use and benefit; or

(d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person.

8B C.R.S. (1986) (emphasis added).

The money owed by Rotello to the board does not constitute "anything of value *of another*" within the meaning contemplated by section 18–4–401. This case is analogous to *People v. Treat,* 193 Colo. 570, 568 P.2d 473 (1977). In *Treat,* the People appealed the district court's dismissal of a number of counts of felony theft. Count Five alleged that Treat committed felony theft in violation of section 18–4–401 when he failed to pay a Mr. Powers after they had agreed to permit Treat to rent Powers' motor home to third parties for profit. In affirming the dismissal of that count, we stated:

No evidence showed that the Center was an agent for the purpose of rental collections, or that specific rental funds were to be set aside for payment to Powers. Powers' only concern was that he be paid his share of the rents collected; no money collected by Treat became Powers' property until it was transferred by Treat in payment of the obligation. Given those facts, without more, no inference can be drawn that Treat unlawfully exercised control over property of another with intent to deprive him of it. This was simply a debtor-creditor controversy, properly to be resolved by civil proceedings. *Kelley v. People,* [157 Colo. 417, 402 P.2d 934 (1965)].

*Id.* at 577, 568 P.2d at 477.

The People rely on *People v. Ferguson,* 701 P.2d 72 (Colo.App.1984), in support of the argument that the board's interest in the money withheld by Rotello was sufficient to support a charge of felony theft. We do not agree.

*Ferguson* is distinguishable from this case. In *Ferguson,* the defendant impersonated a restaurant employee and convinced a patron to pay him the amount billed to a thirty-two person dinner party. He was arrested after he left the restaurant with the money, charged with felony theft, and convicted. His conviction was affirmed by the court of appeals. In rejecting the argument that the money taken by Ferguson was not the property of the restaurant, the court of appeals stated:

If a person has parted with consideration entitling him to receive a thing of value, then he need not have obtained actual physical custody or delivery of the thing of value in order to have a proprietary interest in it. Here, the restaurant had parted with food, drinks, and service in return for which they were entitled to compensation. At least one of the checks had been approved by an authorized representative of the restaurant. The dinner party had dispersed, and the consideration was being delivered to the cashier when taken by defendant. Under these circumstances, the restaurant's interest had ripened from an expectancy prior to service of the dinner party to an unconditional property right.

*Id.* at 73 (citations omitted).

In *Ferguson,* the money taken by the defendant was property of the restaurant because it represented payment for the food, drink, and service of the restaurant. In contrast, the money Rotello withheld represented payment for the beverages that he had purchased and sold to others. Such does not render the money owed to the board "anything of value of another" so as to render him criminally liable under section 18–4–401.

The county court correctly concluded that a mere debtor-creditor relationship was established in dismissing the four count information after preliminary hearing. The district court did not abuse its discretion by refusing to allow the district attorney to refile the charges.

Order affirmed.