No. 18,269.

HARRY POWNALL *v.* PEOPLE OF THE STATE OF COLORADO.

(311 P. [2d] 714)

Decided May 20, 1957.

Mr. HARRY POWNALL, Pro Se.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was the defendant in a criminal action in the district court of Montrose County, charged with the crime of larceny. Trial was to a jury and upon

a verdict of guilty the court entered judgment of conviction and sentenced defendant to the state penitentiary. The defendant appearing in this court without counsel seeks reversal of his conviction. He was represented by counsel in the lower court where a motion for new trial was filed and, after hearing, denied.

Defendant has cited as error the identical matters presented to the trial court in the motion for new trial, and they not being supported by an opening brief, we have not required the Attorney General to file an answering brief. All but one of the points raised by the defendant were covered in *Nelson v. People,* 111 Colo. 434, 142 P. (2d) 388, where as here the charge was larceny, and where as here the errors assigned were: 1. Variance between the charge and proof; 2. Failure of proof of non-consent to the taking, and 3. Failure of proof of intent to steal.

The defendant was charged with the theft of a 1952 Packard 4-door sedan, the property of Hylda Howard. His defense was that he did not intend to deprive the owner of the permanent possession of the car but on the other hand knew that she had a truck in Reno and that she was considering divorce proceedings in Reno; that he took the car and went to Reno to look after her business, that is, to see about the truck and find out about divorce proceedings in Reno. The evidence further shows that defendant was accompanied to Reno, in the car alleged to have been stolen, by a married woman, mother of three small children whom she had left in the care of a baby sitter; that while on the trip the defendant forged the signature of the complaining witness on a check and cashed it.

From the evidence, which was in conflict, the jurors were fully justified in returning a verdict of guilty. The truth of the statement of the defendant that he was on business for the complaining witness and had the car with her knowledge and consent was for the jury. Complaining witness' testimony was contrary to

the explanation given by defendant, and defendant asserts her testimony was perjured. The verdict of the jury establishes that they did not believe the story of the defendant. *Nelson v. People, supra.*

■ The only other point to be considered is the question of the variance between the charge and the proof. The information alleged that the property was owned by Hylda Howard. The proof at the trial established the title was in the name of Hylda Vossen. On this point the court by its Instruction No. 6 instructed the jury as follows:

"The Court instructs the jury that the burden is upon the People to prove each and every material allegation contained in the information beyond a reasonable doubt.

"That the allegation as to ownership of the motor vehicle involved is a material allegation. However, the people may allege ownership in an individual, using the name by which said individual is commonly known, and known to the defendant.

"In the present case, before you can find the defendant guilty, you must believe from the evidence beyond a reasonable doubt that the owner of the vehicle in question was the person who was commonly known by the name of Hylda Howard, and that said name identified to the defendant the proper individual who was the owner of said motor vehicle."

Defendant objected to the giving of the instruction and tendered his own Instruction No. A as follows:

"You are instructed to return a verdict of not guilty for the reason that the defendant was charged with larceny of the personal property of one Hylda Howard and the evidence introduced was that the automobile allegedly stolen belonged to Hylda Vossen."

The court refused this tendered instruction.

Defendant, through his counsel, obtained the affidavits of at least three citizens of Montrose in an attempt to support his theory of employment by complaining witness. He also introduced a letter from the warden of

the state penitentiary. In all of these affidavits the complaining witness is referred to as Hylda Howard, and in the letter from the warden she is referred to as Mrs. Hylda Howard Vossen. In forging the signature on the check, defendant signed the name "Hylda Howard."

"While the true name of the alleged owner of the stolen property should be correctly set forth, the ownership may be laid in one by the name by which he is usually known although it is not his proper name." 52 C.J.S. 883, §80. Citing *People v. Armstrong,* 114 Cal. 570, 46 Pac. 611.

One purpose of allegations of ownership in larceny cases is to show that the property alleged to have been stolen is not the property of the accused. Another purpose is that the accused may know whose property he is alleged to have stolen so that he may be prepared to meet or refute the charge at the trial. Defendant was not deceived by the allegations in the information and proof that actual title to the car was registered in a name by which the complaining witness was also known was not prejudicial to the defendant. In fact, his defense was that he had the consent of, went to Nevada on business for, the identical person whom he knew to be Mrs. Hylda Howard Vossen, and whom he also knew to be Hylda Howard.

The judgment is affirmed.