No. 19,330.

Paul J. Straub *v*. People of the State of Colorado.
(358 P. [2d] 615)

Decided January 16, 1961.

Mr. Albert W. Gebauer, Mr. William L. Rice, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank

E. Hickey, Deputy, Mr. J. F. Brauer, Assistant, for defendant in error.

*In Department.*

Per Curiam.

Plaintiff in error, who will be referred to as defendant, was charged by information with the crime of larceny, specifically, with the theft of a pump and engine, the property of "The Continental Oil Company, a corporation." Trial resulted in a verdict of guilty and the value of the stolen property fixed by the jury as $275.00.

The defendant presented no testimony, and while the evidence conclusively established the guilt of the defendant there was no direct proof of the corporate existence of the alleged owner nor was there proof to the contrary. The sole error assigned is the ruling of the trial court denying defendant's motion for a directed verdict on the ground that the people had failed to prove the corporate existence of "The Continental Oil Company."

On the question of ownership the prosecution called the following witnesses, employees of "The Continental Oil Company": Harvey D. Roberts, District Superintendent of Production; Haydn A. Jones, District Clerk; and R. C. Christensen, engaged as a pumper. All of these witnesses testified as to their employment and that the stolen items were the property of "The Continental Oil Company."

Question to be Determined.

*In a prosecution for larceny where the owner of stolen property is alleged to be a certain company, "a corporation," does failure to prove the corporate existence of such company constitute a material variance?*

The question is answered in the negative.

Counsel for the defendant relies upon *Tollifson v. People,* 49 Colo. 219, 112 Pac. 794, as being decisive of the question.

The premise of defendant in relying on the *Tollifson* case is his conclusion that it was there held that specific proof of the identity of the owner of the property alleged to have been stolen is a material element of the crime of larceny. However, that decision goes no further than to hold that where corporate ownership is an element of the crime, proof of a defacto corporate existence is sufficient.

The name of the owner of property stolen is material only to the extent it serves a descriptive purpose. Another is to show that it is not the property of the accused, and that the accused may know whose property he is alleged to have stolen so that he may be prepared to meet or refute the charge at the trial. And, where the identity of the alleged owner is sufficiently established and the defendant is not deceived or misled to his prejudice, no error results. *Pownall v. People,* 135 Colo. 325, 311 P. (2d) 714, 52 C.J.S., 882, §79.

Here the corporate existence of "The Continental Oil Company" was not a factor in the description either of the owner of the stolen property or of the person by whom it was stolen. The defendant could not have been misled by the allegation of corporate entity, nor prejudiced by failure of the prosecution to prove it. The defendant is fully protected against further prosecution for the same offense, and his substantial rights were in no manner adversely affected. Under such circumstances the failure to prove the corporate status of the victim was an immaterial variance contemplated by C.R.S. '53, 39-7-17, and not prejudicial to the accused.

Accordingly the judgment is affirmed.

Mr. Justice Moore, Mr. Justice Sutton and Mr. Justice Day concur.