Mr. Chief Justice Moore
delivered the opinion of the Court.
Norman Lamb was named defendant in a two-count information in which he was accused of larceny as bailee, and embezzlement. The amount alleged to have been stolen or embezzled was $500 belonging to “Johnson Mobile Homes, Inc., a corporation.”
One R. J. Johnson was called as a witness and he testified that he was the president of Johnson Mobile Homes, Inc. He was then asked whether it was a corporation. He replied “Yes” at about the same time that defense counsel objected on the ground that the “best evidence” rule was being violated by the question. The objection was sustained following a considerable discussion outside the presence of the jury.
A strong prima facie case, of misapplication by the defendant of $500 belonging to Johnson Mobile Homes, Inc., was made by the district attorney. Mr. Johnson stated that he had been president of Johnson Mobile Homes, Inc., since November 1964; that he was responsible for the management and personnel “of the company”; and that Lamb had worked as a salesman for the “company.” He explained the circumstances under which Lamb had appropriated to his own use the $500 which was the subject of the theft or embezzlement.
Just prior to resting his case the district attorney asked the court to reconsider its ruling by which Johnson was prohibited from answering the question as to whether Johnson Mobile Homes, Inc., was a corporation. The court ruled again that the evidence was improper and refused to permit Johnson to so testify. The district attorney rested and thereupon the trial court granted the motion for acquittal made by defendant’s attorney. The people are here on writ of error directed to that judgment.
The trial court erred. One who testifies that he is president of “Johnson Mobile Homes, Inc.,” is certainly *334 in a position to know of his own personal knowledge whether that entity is a corporation. This court on several occasions has clearly indicated that it is not necessary to go beyond testimony similar to that offered in this case to establish the corporate existence of the entity involved.
In Miller v. People, 13 Colo. 166, 21 P. 1025, we find the following, citing Reed v. State, 15 Ohio 217: “The existence of such corporation may be proven by one who of his own knowledge is acquainted with the fact.”
To like effect are the opinions in Goodfellow v. People, 75 Colo. 243, 224 P. 1051; and Straub v. People, 145 Colo. 275, 358 P.2d 615. As stated in Miller v. People, supra:
“* * * Upon principle we think the property of corporation not lawfully organized, although existing in fact, ought to be protected from the depredations of thieves, and that it is sufficient in prosecutions of this nature to establish such corporate existence de facto. * * * ”
The judgment of the trial court is disapproved.
Mr. Justice McWilliams not participating.