No. 23322.

FLORA ANN HUNTER *v.* THE PEOPLE OF THE STATE OF COLORADO.
(474 P.2d 207)

Decided September 14, 1970.

MORTON L. DAVIS, SOL COHEN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE,

Deputy, MICHAEL T. HALEY, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE HODGES.

PLAINTIFF in error, Flora Ann Hunter, seeks reversal of her conviction of larceny and conspiracy to commit larceny. She was tried with two other defendants, who were also convicted for the same offenses, but only defendant Hunter prosecutes this writ of error.

As grounds for the reversal of her conviction, Miss Hunter asserts: (1) That the failure of the record to adequately identify the defendant as the person referred to in the testimony of the People's witnesses vitiates a conviction because proper review upon the record cannot be had; (2) That the evidence was legally insufficient to support the conviction of larceny or conspiracy to commit larceny; (3) That the prosecution failed to prove the corporate existence of Neusteter Boulder Company, Inc., from which concern the goods are alleged to have been stolen and that such proof is essential to a conviction for larceny and conspiracy to commit larceny.

Before considering the above assertions, a brief review of the testimony in the record is in order. The People presented three witnesses and defendant Hunter testified for the defense. Mrs. Varner, a saleslady at the Neusteter store in Boulder, testified that during the course of her work in the store on the evening of December 19, 1966, she noticed the three defendants hurriedly walking toward the store's exit. As they walked past her, she noticed that "there was a protrusion from the middle girl's dress" which looked like a clothes hanger. She engaged the girls in conversation whereupon they became very excited, began shouting at her, and tried to push her out of the way. One of the girls attempted to swing her purse at Mrs. Varner; whereupon,

Mrs. Varner grabbed the purse and yelled for help. The three girls ran out of the store and Mrs. Varner and the store manager, Mr. Larson, gave pursuit and caught up with the "middle girl" in the parking lot of the shopping center in which the Neusteter Boulder store is located. Mrs. Varner stated that she never lost sight of this "middle girl" during the pursuit. Argument ensued and the "middle girl" again began to run but stumbled and fell. Upon getting up, the girl proceeded to take several garments out from under her skirt and threw them down between two cars. The two other girls "came around" at this point and began to threaten Mr. Larson and Mrs. Varner. Mrs. Varner picked up the garments thrown between the cars and she and Mr. Larson went back to the store to summon the police.

A police officer testified that he stopped a car later the same evening about four blocks from the Neusteter store. He identified the defendants as being the same three occupants of the car he stopped. The officer questioned the girls concerning the amount of clothing in the car and asked that they allow him to look at a suede fur trimmed coat which was on the floor of the front seat of the car between the passenger and the driver. He arrested the girls and later in the evening, they were identified at the police station by Mr. Larson and Mrs. Varner as the same girls seen by Mrs. Varner in the store, and by Mr. Larson and Mrs. Varner in the parking lot.

Many of the details of Mrs. Varner's testimony were corroborated by Mr. Larson. Mr. Larson further testified that he personally checked all the sales slips for December 19, 1966, and found no sales slip for the garments or the suede coat allegedly stolen.

Defendant Hunter testified that she had never been to the Boulder Neusteter store; that she had driven from Denver to Boulder with some friends on December 19th for the purpose of purchasing some boots; and that she left the car with her friends for a while in a "shopping

center" while she purchased some wrapping paper and cigarettes. Miss Hunter then rejoined her friends. After they drove out of the shopping center parking lot, they were stopped by the police. She also stated that she was unaware of the suede coat in the car.

## I.

■ Upon reviewing the record, we do find it difficult to determine with precision which of the defendants is being referred to by the various prosecution witnesses. The difficulty is that the district attorney failed to indicate for the record the name of the particular defendant that a witness was pointing out, or which defendant at trial was wearing the "white dress," or which defendant was the "younger one," the "small-faced" one, and so on. However, we find from the record that it is possible to identify the defendant Hunter as the defendant who wore a blue dress at trial, who rode in the front right seat of the car, and who attempted to hit Mrs. Varner with her purse. Furthermore, we find nothing in the record to indicate that the jury was confused as to the identity of any of the three defendants. This issue of identity was not raised on motion for new trial and only one objection relating to the identity issue was made in the entire course of the testimony. We do not feel that defendant Hunter's substantial rights are affected.

## II.

■■ In our view, the evidence is sufficient to support the conviction for larceny and conspiracy to commit larceny. The People's evidence is entirely circumstantial but the inferences therefrom are strong enough for the jury to conclude that defendant was guilty beyond a reasonable doubt. *Allison v. People,* 109 Colo. 295, 303, 125 P.2d 146. The testimony of defendant Hunter is in sharp conflict with the testimony of the People's witnesses and the credibility issue was properly one for the jury to resolve. Defendant's contention that she did not know of the presence of the suede coat in the car and therefore could not have had personal and exclusive

possession of the coat is basically an issue of credibility. The jury, upon the evidence, could have found that she did know about the coat. The doctrine of joint possession as experienced in *Martinez v. People,* 162 Colo. 195, 199 425 P.2d 299 applies.

III.

Defendant Hunter's third contention is that the corporate existence of Neusteter Boulder Company, Inc. was not proven at trial and that corporate existence is an essential element of the offense charged against this defendant. We find that the testimony of Mr. Larson at trial was sufficient to establish that Neusteter Boulder Company, Inc. was operating at least as a *de facto* corporation. He testified that the company held itself out as a corporation, contracted in the name of the corporation, and marked its goods in the name of the company. In *Straub v. People,* 145 Colo. 275, 277, 358 P.2d 615, we said that "the name of the owner of property stolen is material only to the extent it serves a descriptive purpose." We find that defendant Hunter was not misled or deceived by the district attorney's failure to introduce into evidence the Certificate of Incorporation of Neusteter Boulder Company, Inc.

We find no error and accordingly the judgment is affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.