## No. 24474

## Bernie Martinez v. The People of the State of Colorado
(493 P.2d 1350)

Decided February 22, 1972.

Murphy & Morris, David W. Morris, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Robert L. Hoecker, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Bernie Martinez was convicted of grand theft by a jury in the District Court of El Paso County. By this writ of error he seeks to reverse the judgment of conviction. We affirm.

Martinez was accused by information of stealing money of the value in excess of one hundred dollars from Ajax Manufacturing Co., Inc. during the period of time between February 3, 1968 and March 10, 1969. The record shows that Martinez had been the general manager of Ajax for several years and was in charge of the total operation of this business, subject to supervisory control by the owner and principal stockholder of the corporation, Claude Friend. As general manager, Martinez was charged with the maintenance of the business records, the receipt and deposit of all corporate moneys, and the payment of wages, commissions and accounts payable. He was the credit manager and acted as the chief executive of the business. He wrote all checks drawn on the two corporate bank accounts. For his services he received as compensation a salary plus a commission on sales.

The People's evidence showed that, whereas the corporate records reflected a profitable operation, in reality the corporation was losing money. This situation was concealed from the owner until a serious overdraft condition was discovered and called to the owner's attention by bank officials in early March 1969. Martinez then resigned from his employment and an investigation revealed defalcations which became the basis for the criminal charge against him in this case.

Specifically, the People's evidence showed that by use of false "merchandise returned" slips, customer accounts were given credit for having returned merchandise when in fact none had been returned, thus permitting Martinez to appropriate funds which otherwise would have been refundable to the customers. The record shows that he caused commissions to be paid to himself on merchandise which was in fact returned, and on nonexistent sales. The evidence showed that he misapplied corporate deposits to the payment of personal obligations owing at one of the banks where the business maintained an account. Further, the evidence showed that he paid personal obligations with corporate moneys in varying amounts. Among the larger items thus paid, were a personal

insurance debt of $194.40, a travel service debt of $268.80, and a house payment of $550. The record shows no accounting was made by Martinez for the misuse of these funds.

Martinez did not testify and we note the record amply supports the jury's verdict of guilty.

■■ Martinez argues there was a fatal variance between the evidence and the charge contained in the information. He contends that the exhibits introduced to prove the theft showed the names of "Ajax Appliance Mart, Inc." and "Ajax Furniture" but not "Ajax Manufacturing Co., Inc.," the corporate name used in the information. Some of the checks in evidence bore the name of "Ajax Furniture and Appliance Mart, Inc.," which was not in fact a corporation. We find no fatal variance as contended. The owner of the business, Claude Friend, testified concerning the merger of Ajax Appliance Mart, Inc. with Ajax Manufacturing Co., Inc., long prior to the events relating to the charge against the defendant, and that the business used the trade name of Ajax Furniture and Appliance Mart, Inc., under which it maintained its bank accounts. Furthermore, the evidence showed Martinez had been employed in the business since November of 1961 and that he was familiar with the business names used and the corporate banking accounts. As general manager of the business during the critical period of time, he knew who was the owner of the moneys for which he was accountable and he could not have been misled or deceived by the allegation of ownership as laid in the information.

■ One of the purposes of an allegation of ownership in an information charging theft is to show that the property alleged to have been stolen is not the property of the accused and to advise the accused whose property is alleged to have been stolen so that he may be prepared to meet and refute the charge at trial. *Straub v. People,* 145 Colo. 275, 358 P.2d 615; *Pownall v. People,* 135 Colo. 325, 311 P.2d 714. We find no merit to this argument.

■ Martinez further argues that the testimony of Claude Friend, the owner of the business, concerning the

merger of Ajax Appliance Mart, Inc. and Ajax Manufacturing Co., Inc., was in violation of the best evidence rule and therefore was inadmissible. We find no merit to this argument. The principle set forth in *People v. Lamb,* 165 Colo. 332, 438 P.2d 699, is applicable here. A corporate merger, as well as the fact of incorporation, may be proved by one who of his own knowledge is acquainted with the facts. Furthermore, whether a merger did exist could not have misled the defendant here, in view of his knowledge of the operation of the business and of the ownership of the property he was accused of stealing. No prejudice to the defendant has been shown by this evidence.

Martinez argues that the court committed prejudicial error in admitting evidence concerning a bonus check for $1,000 payable to Martinez. It was the People's theory that this evidence was admissible to show that the business had in fact been represented to be operating profitably. It was admissible for this purpose.

Error is also charged in the admission of evidence of check kiting. The People sought to show that this was part of the defendant's intent, scheme and design to hide the precarious financial condition of the business and his misappropriations. The defendant argues this evidence was offered to create confusion and prejudice in the minds of the jurors and that it tended to show the commission of another crime not similar in character. It was in no manner clear what other crime might be involved in the check-kiting process, and counsel for Martinez did not clarify this for the court. Nevertheless, the trial court offered to instruct the jury on the limited purpose for which the evidence was to be received, and specifically inquired of counsel if he wished such an instruction. Counsel responded, "Not at this time." Counsel did not thereafter request any instruction limiting this evidence. We find no prejudicial error, especially under these circumstances where the record shows a waiver of the limiting instruction.

Further complaint is made that a prosecution witness was permitted to be recalled for further direct

testimony prior to completion of the People's case. It is fundamental that the order of proof and presentation of witnesses is within the sound discretion of the trial court and error may not be predicated thereon in the absence of a showing of prejudice. *Schlesselman v. Gouge,* 163 Colo. 312, 431 P.2d 35; *Shearer v. Snyder,* 115 Colo. 232, 171 P.2d 663; *Kline v. Slater,* 95 Colo. 489, 37 P.2d 381; 58 Am. Jur. *Witnesses* § 561. No prejudice was shown here.

Finally, we consider the remaining errors asserted, including the contention that the court demonstrated hostility toward the defendant, to be frivolous and without merit.

The judgment is affirmed.