**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Stanley Noah SINGER, Defendant-Appellant.**

**No. 82CA0416.**

Colorado Court of Appeals, Div. I.

April 7, 1983.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Valerie McNevin-Petersen, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Jeffrey A. Springer, P.C., Jeffrey A. Springer, Denver, for defendant-appellant.

STERNBERG, Judge.

Defendant appeals his conviction by a jury of three counts of felony theft. He contends that the evidence established that the victim of the theft was not the entity named in the indictment and that he was therefore entitled to a judgment of acquittal. We affirm.

At the time of the events giving rise to the charges against him, defendant was president of Salem Investment Company, a lending company which was the victim named in the indictment. The evidence at trial established that from November 1978 to October 1979 the defendant made three unauthorized loans to himself from Salem in an amount totalling $60,000. All three transactions followed a similar pattern. In each case defendant persuaded Salem's attorney to act as the borrower from Salem, and then to turn the proceeds of the loan over to defendant. Defendant represented to the attorney that the purpose of this arrangement was to make a loan to a good customer who did not wish to appear on Salem's books. In each case defendant had the attorney execute a promissory note payable by him to Salem in the amount of the loan, and provided the attorney with a promissory note payable by defendant to the attorney in the same amount. When the unauthorized loan transactions came to light, Salem sued the attorney on the promissory notes executed by the attorney to Salem.

Defendant's sole contention on appeal is that the indictment misidentifies the victim of the misappropriation. Defendant argues that since the loans were carried on the books of Salem as loans to the attorney and were embodied in the promissory notes upon which Salem brought suit against the attorney, the borrower of the funds from Salem was the attorney, rather than defendant. Defendant contends that the money he obtained through these transactions belonged to the attorney at the time of its transfer to defendant, and that the victim of the theft, if there was one, was therefore the attorney rather than Salem. We find no merit in these contentions.

Section 18–4–401(6), C.R.S.1973 (1978 Repl.Vol. 8) states that:

"In every indictment or information charging a violation of this section, it shall be sufficient to allege that, on or about a day certain, the defendant committed the crime of theft by unlawfully taking a thing or things of value of a person or persons named in the indictment or information."

Ownership of the property which is the subject of a theft must be laid either in the real owner or in the person in possession of the property at the time of the alleged theft. *People v. McCain,* 191 Colo. 229, 552 P.2d 20 (1976). The purposes of the allegation of ownership in an indictment include showing that the property alleged to have been stolen is not the property of the accused, and advising the accused whose property is alleged to have been stolen so that he can be prepared to meet and refute the charges at trial. *Martinez v. People,* 177 Colo. 272, 493 P.2d 1350 (1972).

Here, the evidence at trial was sufficient to establish that the attorney was merely the conduit through which defendant misappropriated the funds of Salem. In each transaction the transfer of funds from Salem to the attorney and from the attorney to defendant occurred on the same day. The net result of each transaction was that Salem's books reflected a loan and defendant was enriched by the corresponding amount. The individual whom defendant claims was the actual victim, the attor-

**628**

ney, suffered no loss other than incurring potential civil liability to Salem, the actual victim, for the sum misappropriated by defendant.

Judgment affirmed.

BERMAN and COYTE *, JJ., concur.