**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Randy SCHLIESSER, Defendant-Appellant.**

**No. 81CA1044.**

Colorado Court of Appeals, Div. I.

April 28, 1983.

Rehearing Denied May 26, 1983.

Certiorari Denied Sept. 26, 1983.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the Colo. Const., Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David Vela, Colorado State Public Defender, Terri L. Brake, Deputy State Public Defender, Denver, for defendant-appellant.

COYTE,[*] Judge.

Defendant, Randy Schliesser, appeals his conviction for two counts of third-degree assault and one count of criminal mischief. We affirm.

On October 19, 1980, Leonard Chapman and his wife, Lola, the two victims of the assault charges, accompanied their tenant to Jerry Schliesser's farm to return a tractor. Defendant, Jerry Schliesser's brother, was present at the farm. After delivering the tractor, Leonard Chapman was leaning against his pickup truck as defendant approached him with a hammer. Prosecution witnesses testified that defendant struck Leonard with a hammer. Defendant denied hitting him with a hammer but admitted striking him with his fist.

After defendant struck Leonard, Leonard turned and ran from the area. Defendant began to chase him. Lola Chapman, who had observed this incident, picked up a splitting maul and called defendant's name to distract him from pursuing her husband. When defendant turned in her direction, Lola dropped the splitting maul and ran to the pickup truck where she attempted to lock herself inside the cab. Defendant admittedly ran in the direction of the pickup and threw the hammer at the truck after she was inside. The hammer broke through the rear window. Defendant claimed that he threw the hammer at the truck because he thought that Lola was going for a gun which he believed she carried in the truck.

Defendant then picked up the splitting maul and confronted Leonard who had picked up a baseball bat. A standoff ensued with no further violence, and the Chapmans and their tenant left in the pickup truck. Lola was taken to a hospital where she was treated for a cut behind her ear caused either by the hammer or a piece of glass.

Defendant was charged with the second-degree assault of both Leonard and Lola Chapman. The jury was instructed as to the lesser-included offense of third-degree assault. The trial court also instructed the jury regarding the defense of self-defense but limited the application of that defense to the charge of second-degree assault. Defendant contends the trial court's failure to apply the self-defense instructions to the lesser-included offense of third-degree assault was error. We disagree because, in our view, defendant was not entitled to any instructions on self-defense.

▪ A defendant is generally entitled to an instruction embodying his theory of the case but only if there is some evidence in the record to support it. *People v. Dillon,* 655 P.2d 841 (Colo.1982); *People v. Moya,* 182 Colo. 290, 512 P.2d 1155 (1973).

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

Under the circumstances of this case, there was a total absence of any evidence in the record to support a self-defense instruction. *See People v. Dillon, supra; People v. Sepeda,* 196 Colo. 13, 581 P.2d 723 (1978).

 An initial aggressor is not entitled to claim self-defense as a justification for employing physical force unless he effectively communicates an intent to withdraw from the encounter and the other person continues to threaten the use of unlawful physical force. Section 18–1–704(3)(b), C.R.S.1973 (1978 Repl.Vol. 8).

 In this case, the evidence demonstrates that defendant was the initial aggressor in striking Leonard and that there was no justification for his actions. And, Lola was clearly justified in attempting to aid her husband by picking up the maul and calling out to defendant. *See* § 18–1–704, C.R.S.1973 (1978 Repl.Vol. 8). Hence, defendant, having never attempted to withdraw, retreat, or extricate himself from the fight which he had initiated, could not claim that his actions in assaulting Lola were justified on the basis of self-defense.

Defendant's second and third contentions are related inasmuch as they focus upon the question of ownership of the pickup truck which was the subject of the criminal mischief charge. Defendant claims there was insufficient evidence to support a conviction for the offenses charged because the information alleged the truck was the personal property of Leonard Chapman, but the evidence at trial established that title to the truck was in the name of Lola Chapman. He also argues that the jury instruction setting forth the elements of the criminal mischief charge was erroneous because it failed to name the owner of the damaged property. We disagree.

 In our view, the element as to the ownership of property that is the subject of criminal mischief is similar to such ownership element in other property offenses, such as burglary or theft. Ownership of the property involved may be laid either in the real owner or in the person in possession of the property. *See People v. McCain,* 191 Colo. 229, 552 P.2d 20 (1976). The purpose

of the allegation of ownership in the indictment is to demonstrate that the property involved was not the property of the accused and to advise the defendant what property is alleged to have been involved so that he can be prepared to meet and refute the charges at trial. *See Martinez v. People,* 177 Colo. 272, 493 P.2d 1350 (1972). It is not necessary to show that the named victim was the titled owner. *See Kelley v. People,* 166 Colo. 322, 443 P.2d 734 (1968).

 The information naming Leonard Chapman as the owner was sufficient to give defendant notice as to what property was involved in order that he could prepare to meet and refute the charges. And, the evidence established that Leonard Chapman was the lawful user and possessor of the damaged truck at the time of the incident. Accordingly, the evidence was sufficient to show ownership of the damaged property in someone other than defendant, and it was not error to fail to specify the name of the victim in the instruction setting forth the elements of the criminal mischief charge.

Judgment affirmed.

BERMAN and STERNBERG, JJ., concur.