**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Michael Dwain ALEXIS, Defendant–Appellant.**

**Nos. 86CA0064, 86CA0065.**

Colorado Court of Appeals, Div. I.

Dec. 7, 1989.

Rehearing Denied Jan. 18, 1990.

Certiorari Granted July 23, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Michael Dwain Alexis, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of felony murder, second degree burglary, aggravated robbery, and theft. We reverse and remand for a new trial.

## I.

During trial, the prosecution and the defense entered into a stipulation that was presented to the jury. It provides as follows:

"On October 13, 1985, Louis Joe Reaves told Mr. LaCabe that he was involved in the commission of [a burglary in which the murder weapon was stolen] on August 31, 1984.

"Mr. Reaves stated that he took three (3) handguns: a Luger, a .38 revolver, and a .45 caliber. Mr. Reaves stated that the defendant, Michael Alexis, took the other

handguns. [The murder weapon was among them.]

"Mr. Reaves told the prosecutor that he drove his car along with the defendant, Michael Alexis, to the [burglarized] residence where they committed the offenses."

The jury was instructed regarding the stipulation in Instruction No. 19 as follows:

"The prosecution and the defendant have stipulated to certain facts in this case, and you were so instructed about these stipulations during the trial. A stipulation renders unnecessary the presentation of any evidence to prove those facts, and the jury must regard those facts as conclusively proved. The effect of a stipulation is to make the stipulated facts true for purposes of the trial."

During deliberations, the jury sent a written question to the trial court which read: "On the stipulation, did the defendant knowingly agree to the stipulation as indicated in instruction # 19?" The trial court responded: "Both the stipulation and Instruction No. 19 mean what they say and no more. Please refer to them again."

■ Defendant maintains the trial court erred by its refusal to clarify the meaning of the stipulation after the jury expressed confusion during its deliberations. We agree.

■ If the jury, after retiring for deliberations, desires to be informed on any point of law, then the court is required to give appropriate additional instructions in response to the jury's request unless (1) the jurors may be adequately informed by directing their attention to some portion of the original instructions, (2) the request concerns matters not in evidence or questions which do not pertain to the law of the case, or (3) the request would call upon the judge to express an opinion upon factual matters that the jury should determine. *Leonardo v. People*, 728 P.2d 1252 (Colo. 1986).

Here, the contents of the stipulation became critical because the circumstantial evidence linking the defendant to the homicide depended upon who possessed the murder weapon which had been taken in the burglary two days prior to the homicide. The defendant testified at trial, in contrast to the stipulated statement, that Reaves presumably possessed the murder weapon at the time of the homicide.

On its face, the stipulation indicates merely that Reaves stated that the defendant took handguns including the murder weapon. However, during the trial, defense counsel voiced a concern that the jury might not understand that the defense was stipulating only that Reaves made the statements, but not that those statements were true. When the jury sent out the question during deliberations, defense counsel again questioned whether the jury understood this distinction. The language in Instruction No. 19 indicating that the jury must regard stipulated facts "as conclusively proved" and "true for purposes of the trial" certainly could lead to such confusion. The trial court's response to the jury failed to clarify this probable source of misunderstanding.

■ If a jury affirmatively indicates that it has a fundamental misunderstanding of an instruction, the basis for the presumption that the jury understands the instruction disappears. When the jury indicates to the court that it does not understand some matter of law central to the guilt or innocence of the accused, the court has an obligation to clarify that matter for the jury in a concrete and unambiguous manner. *Leonardo v. People, supra.*

■ We conclude that the jury's inquiry regarding Instruction No. 19 adequately indicated its misunderstanding about a matter of law which required a more detailed response than a statement referring the jurors again to the instructions. A jury should be referred back to the instructions only when it is apparent that the jury has overlooked some portion of the instructions or when the instructions clearly answer the jury's inquiry. *Leonardo v. People, supra.* Such is not the case here.

Because the trial court failed to clarify the matter in a concrete and unambiguous manner, we conclude that reversal of the

convictions is mandated and a new trial is required.

## II.

Defendant also maintains the trial court erred by its refusal to suppress the stereo receiver unit seized from the defendant's room during an unrelated search of his house. We conclude that a further issue must be addressed on remand before the suppression issue can be resolved.

██ If, during the search of a residence pursuant to an unrelated warrant, a police officer sees stereo equipment that he suspects, but has no probable cause to believe is stolen property, the police officer may not move the equipment to record its serial numbers without violating the constitutional prohibition against unreasonable search and seizure. *See Arizona v. Hicks*, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987). The "plain view" exception may be invoked only if the serial numbers can be recorded without moving the equipment. *Arizona v. Hicks, supra.*

Here, no evidence was produced regarding whether the police officer moved the stereo receiver to record its serial numbers. Moreover, the trial court denied the motion to suppress this evidence based upon a finding that the police officer had an "articulable suspicion" that the stereo equipment was stolen, and upon a subsequent consent to search executed after the police officers had verified through use of the serial numbers that the stereo receiver was stolen. *See Arizona v. Hicks, supra.* Such bases are insufficient to sustain denial of the motion.

Upon retrial, the key factual determination of whether the serial numbers of the stereo receiver were in plain view, without movement of the equipment, must be decided. Otherwise, a search based upon less than probable cause mandates suppression of this evidence.

* Prior Opinion announced October 19, 1989, Withdrawn; Petition for Rehearing

The judgment is reversed, and the cause is remanded for a new trial.

METZGER and REED, JJ., concur.