The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Lawrence CONLEY,
Defendant–Appellant.

No. 88CA0313.

Colorado Court of Appeals,
Div. II.

July 26, 1990.

Rehearing Denied Sept. 6, 1990.

Certiorari Denied Jan. 28, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Robert M. Russell, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Lawrence Conley, appeals the judgment of conviction entered on a jury verdict finding him guilty of second degree burglary, first degree sexual assault with a weapon, theft, and four counts of habitual criminal. We affirm.

In the early morning hours of August 22, 1986, the victim was awakened by the scream of her infant son, sleeping next to her, who had apparently been stepped on by a knife-wielding man coming through her bedroom window. The man tied the victim's legs with a phone cord as she lay face down on the bed, gagged and blind-

folded her, and tied her hands behind her back; she never saw the man's face. He took numerous items from her living room and bedroom, including a turntable, and then ordered the victim to roll onto her back. When she did not comply immediately, the man struck her on the back with his fist, and then sexually assaulted her. Throughout the incident, he talked incessantly.

The police later showed the victim a photographic lineup, and, although she could not identify her assailant, she did recognize one of the photos as being that of a neighbor, the defendant.

In early September, a Denver patrolman stopped the defendant's car for a traffic violation. During the stop, the police officer noticed a turntable in the back seat of the car. Defendant was unable to produce any identification; however, he consented to the officer's search of the car for a small case which purportedly contained this identification. The officer found the case underneath the turntable and simultaneously noted the serial number of the turntable. The officer radioed in defendant's name and the serial number, and learned that the turntable had been reported as stolen and that defendant's driver's license had been suspended. Therefore, the officer took defendant to the police station and impounded his car and the turntable.

The police determined that this turntable belonged to the victim, and informed her that it had been recovered from the neighbor whose picture was in the photo lineup. In early January 1987, the victim telephoned the police department and requested the return of her turntable. During this conversation, she mentioned that she "would never forget" the voice of the man who had assaulted her. Based on this information and on their suspicions concerning defendant's possible culpability, the police arranged a voice lineup. The victim identified defendant's voice as being that of the man who had assaulted her.

## I.

■ Defendant contends that the trial court's refusal to record bench conferences and to allow defense counsel to make a contemporaneous record was reversible error. We decline to reverse on this basis.

Absent a waiver by the parties, bench and sidebar conferences must be recorded. *Jones v. District Court*, 780 P.2d 526 (Colo. 1989). Thus, as the People concede, the trial court's failure here to record bench and sidebar conferences was error. However, the failure to record all trial proceedings is not per se reversible error; the defendant must demonstrate that he suffered substantial prejudice. *Jones v. District Court, supra.*

Defendant here had two opportunities to make such a demonstration but has failed to do so.

The first such opportunity occurred during the reconstruction conferences held at various points throughout the trial.

We have discerned, from our review of the record, that trial counsel was fully aware from the onset of trial that the trial court would not allow contemporaneous recordation of bench conferences. Defense counsel had filed a written "Motion to Have All Bench Conferences Reported" and the trial court denied it before trial began. The court noted its policy of not conducting bench conferences on the record but reaffirmed its additional policy of allowing counsel to make whatever record they wished at a later time during what it termed a reconstruction conference. In its order, the trial court commented that "both counsel certainly are aware of that [procedure], having appeared in this Court frequently."

The record indicates that the trial court allowed both counsel to make whatever record they wished during a reconstruction conference. Defense counsel did make a lengthy record on numerous issues and then indicated to the court that he had "nothing further" to say. He predicates his claim of reversible error upon an assertion that several of the unrecorded bench conferences concerned substantive issues, and that the record made later is incomplete because he "did not remember what record he needed to make."

Our review of the record before us belies defendant's claim. Several of the unrecorded bench conferences concerned housekeeping matters which were apparent from the context. Others concerned alleged prosecutorial discovery violations which, whether reviewed on a preserved error or plain error basis, do not warrant reversal. A few instances, involving objections to the form of exhibits, were satisfactorily remedied during trial.

The record contains sufficient colloquy between court and counsel which, considered in proper context, allows us to consider defendant's allegations. We conclude that the error here did not so prejudice defendant's substantial rights as to require reversal. *See People v. Vialpando*, 804 P.2d 219 (Colo.App.1990).

Defendant also had a second opportunity to substantiate his claim of prejudice by using the procedures outlined in C.A.R. 10. However, he did not avail himself of this opportunity.

An appellant is required to take the necessary steps to provide an adequate record for review. C.A.R. 11(a); *Continental Air Lines, Inc. v. City & County of Denver*, 129 Colo. 1, 266 P.2d 400 (1954). In those circumstances in which a stenographic transcript is not available, C.A.R. 10(c) provides that the appellant should prepare a statement of the evidence or proceedings from the best available means, serve the statement upon opposing counsel for comments and changes, and then submit the final statement to the trial court for settlement, approval, and inclusion in the record on appeal. In the event the parties are unable to reach agreement concerning the contents of this statement, C.A.R. 10(d) provides a mechanism for resolution of these differences.

Just as an appellant will not be permitted to take advantage of his own failure to designate the pertinent portions of the transcript as part of the record on appeal, *Till v. People*, 196 Colo. 126, 581 P.2d 299 (1978), so will he not be entitled to automatic reversal of a judgment if he fails to follow the provisions of C.A.R. 10. *See*

*People v. Velarde*, 200 Colo. 374, 616 P.2d 104 (1980).

In this case, defendant has failed to follow the procedures of C.A.R. 10, and we thus do not have the benefit of a complete statement of the proceedings. Defendant has failed to provide any reason for this omission and the record discloses none.

Accordingly, we conclude that defendant has failed to substantiate his claim of prejudice. He did not take advantage of the opportunity provided in the reconstruction conferences to make a record, even though he had ample warning that he could do so. And, he ignored the provisions of C.A.R. 10 and provided this court with no statement of his recollection. Our own review of the record leads us to conclude that defendant's substantial rights were not violated. Thus, we find no reversible error under these circumstances.

## II.

Defendant next contends that reversible error occurred when the trial court allowed the prosecutor to introduce evidence of a similar incident. We perceive no error.

The trial of the similar incident had resulted in defendant's being convicted of burglary but acquitted of first degree sexual assault. Defendant concedes that the facts of the incident were sufficiently similar to warrant admission, and that the requirements of *Stull v. People*, 140 Colo. 278, 344 P.2d 455 (1959) and *People v. Honey*, 198 Colo. 64, 596 P.2d 751 (1979) were amply met. But, he argues, to the extent the trial court allowed evidence concerning the sexual assault, it violated the doctrine of collateral estoppel and the rule announced in *People v. Arrington*, 682 P.2d 490 (Colo.App.1983), and reversal is required. We disagree.

The elements of collateral estoppel are: 1) the issue in the second trial must be identical to an issue that was actually and necessarily decided at the prior trial; 2) there must have been a final judgment on the merits at the prior trial; 3) there must be identity of parties or privity between parties against whom the doctrine is assert-

ed; and 4) the party against whom the doctrine is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *People ex rel. Gallagher v. District Court,* 666 P.2d 550 (Colo. 1983).

We agree with the trial court that defendant failed to meet his burden of establishing that collateral estoppel precluded evidence of the similar incident.

■ First, we note that different standards of proof were involved. At the trial concerning the similar incident, the prosecution was required to establish defendant's guilt beyond a reasonable doubt. In contrast, the standard of proof for admission of a similar incident at the time of this trial was by clear and convincing evidence, *see People v. Botham,* 629 P.2d 589 (Colo. 1981); *but see Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988) (admission of evidence of similar transactions governed by relevancy standards of Fed.R.Evid. 404(b)). Thus, notwithstanding the absence of proof of defendant's guilt beyond a reasonable doubt at the trial concerning the similar incident, the evidence of that incident would be admissible at this trial if it bore sufficient indicia of similarity to constitute clear and convincing evidence. The trial court determined, in an extensive written order, that over 20 similarities existed and that evidence concerning the similar incident was clear and convincing. The record amply supports that finding.

■ Defendant has also failed to establish the requisite identity of issues required for application of collateral estoppel.

The pivotal issue in this case was identity. Defendant relied upon alibi as his theory of defense, and the evidence of the similar incident was offered solely upon the identity issue. In the trial of the similar incident, it was undisputed that the charges arose from the same criminal episode. Yet, defendant was convicted of burglary and acquitted of first degree sexual assault; it does not appear from the record defendant has submitted whether the jury in that case received instructions on any other offenses.

The verdict in the trial of the similar incident does not fulfill defendant's burden of showing that the issue of identity concerning the sexual assault was actually and necessarily decided there. As the trial court in this case noted, inasmuch as defendant was found guilty of burglary in the trial of the other incident, the jury had to have believed he was present in the victim's abode; consequently it was impossible for him to have there been acquitted on the issue of identity.

Accordingly, we conclude that the trial court properly admitted evidence of the similar incident.

Contrary to defendant's contention, the holding in *People v. Arrington, supra,* does not mandate a different result. There, defendant had been acquitted of the robbery which the People used as a similar transaction under circumstances in which the sole issue in both cases was the identity of the perpetrator; therefore, identity of issues existed. Here, as we have noted, the issues which were decided in the two cases differed.

■ Additionally, the United States Supreme Court, in *Dowling v. U.S.,* 493 U.S. ——, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990), has held that neither collateral estoppel nor due process bars the introduction of evidence under Fed.R.Evid. 404(b) relating to an incident for which a defendant had previously been acquitted, and we find that authority to be persuasive.

Therefore, we believe that the rationale of *People v. Arrington, supra,* is inapplicable to the facts here. We conclude that, notwithstanding the defendant's acquittal, the evidence of the similar incident was properly admitted in this case.

### III.

Defendant next contends that the trial court committed reversible error when it failed to suppress the turntable serial number because the number was seized during an illegal warrantless search. We disagree.

■ If, during a search, a police officer sees stereo equipment that he suspects, but

has no probable cause to believe, is stolen property, the officer may not move the equipment to record its serial number without violating the constitutional prohibition against an unreasonable search and seizure. The "plain view" exception may be invoked only if the serial numbers can be recorded without moving the equipment, because then no possessory interest is involved. *People v. Alexis*, 794 P.2d 1029 (Colo.App.1989), *citing Arizona v. Hicks*, 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).

It was undisputed at trial that the officer had consent to search defendant's car for the case containing defendant's identification. While searching for the case, the officer simultaneously saw and recorded the serial number on the turntable. Thus, since they occurred during a consent search, the police officer's actions did not constitute a seizure because they did not interfere with any possessory interest. *See Arizona v. Hicks, supra.* Accordingly, the recordation of the serial number, since it conformed to the requirements of the plain view exception, was not prohibited.

Moreover, we conclude that the serial number was admissible under the inevitable discovery doctrine. Unlawfully obtained evidence is admissible if there is no doubt that the police would have lawfully discovered the evidence later. *See People v. Briggs*, 709 P.2d 911 (Colo.1985).

Here, there was no doubt that the serial numbers of the turntable would have been inevitably discovered. Defendant was arrested because he was operating his car after his driver's license had been suspended. The automobile could not have been turned over to defendant's passenger because he had no driver's license. The arresting officer testified that defendant's car would have been impounded, the turntable placed in inventory, and the serial number recorded as a matter of routine and established police procedure. Thus, the discovery of the serial number was inevitable. Accordingly, the trial court properly denied defendant's motion to suppress.

## IV.

Defendant next contends that the trial court should have granted his motion for a mistrial based on the trial judge's allegedly hostile facial expressions during the testimony of defendant's alibi witness. We disagree.

A mistrial is the most drastic remedy, *Massey v. People*, 649 P.2d 1070 (Colo.1982), and should not be ordered except when prejudice is so substantial that its effect on the jury could not be remedied by lesser means. *People v. Goff*, 187 Colo. 103, 530 P.2d 514 (1974). Because the trial court sits in the best position to ascertain the effect of any irregularities, its decision to deny a motion for mistrial should not be disturbed absent a gross abuse of discretion. *Hamrick v. People*, 624 P.2d 1320 (Colo.1981).

Speculation concerning the mere possibility of prejudice is insufficient to warrant reversal. *People v. Ashley*, 687 P.2d 473 (Colo.App.1984). The test which must be applied is whether the trial judge's conduct so departed from required impartiality as to deny the defendant a fair trial. *People v. Adler*, 629 P.2d 569 (Colo.1981). The record must establish such bias clearly; mere speculative statements and conclusions are insufficient to satisfy the burden of proof. *People v. Drake*, 748 P.2d 1237 (Colo.1988).

Defendant's objection at trial was that the trial judge was "hostile towards" defendant's witness "when she testified, through facial expressions." In ruling on the objection, the trial judge noted that during a witness' testimony she tried to look at the witness:

"and while I may have had some facial expressions with regard to her testimony, I would be surprised if the jury could see them. They certainly couldn't see them as well as you could because I try to turn in the direction of the witness for that very reason, so that if there are any facial expressions, that can't be inter-

preted in any way by a jury that doesn't see them."

The trial judge's statements indicate that the jury probably did not see her facial expressions, if any, and nothing in the record indicates to the contrary. Thus, defendant has not met his burden. *People v. Drake, supra.*

As well, the jury instructions directed the jurors to disregard any judicial indications of opinion concerning the merits of the case. Absent any showing to the contrary, we presume the jury followed its instructions. Moreover, defendant did not request a specific instruction, which would have cured any problem. *See People v. Holcomb,* 187 Colo. 371, 532 P.2d 45 (1975).

Defendant has pointed to no specific prejudice resulting from this ruling, and an examination of the record discloses none. Absent a showing of prejudice, error may not be predicated on such ruling. *Martinez v. People,* 177 Colo. 272, 493 P.2d 1350 (1972). Thus, the refusal to grant a mistrial was not reversible error.

### V.

Defendant next contends that the trial court committed reversible error when it denied his request for a free transcript of his 1983 trial. We disagree.

■ Equal protection requires the state to provide indigent defendants with the basic tools of an adequate defense or appeal when those tools are available to others for a price. *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). While courts are required to provide a free transcript when that transcript is needed for an effective defense, a refusal to do so is not reversible error unless a defendant establishes that other sources and devices are insufficient alternatives. *Britt v. North Carolina,* 404 U.S. 226, 92 S.Ct. 431, 30 L.Ed.2d 400 (1971).

■ Because defendant's conviction resulting from the 1983 trial had been appealed, a complete transcript of that prior proceeding had been prepared. The trial court ruled that there was no reason for the transcript to be prepared again. Defendant was obligated to locate the transcript which had already been prepared; if that transcript were, for some reason, unavailable, defendant was under an obligation to demonstrate that fact to the trial court. Having failed to do so, he cannot now complain. *Britt v. North Carolina, supra.*

### VI.

■ Defendant next contends that the trial court abused its discretion when it refused to grant a second continuance to allow him to obtain the presence of a defense witness who had failed to respond to a subpoena. We disagree.

A trial court is not obliged to compel the presence of a witness who was not properly served. *See People v. Mann,* 646 P.2d 352 (Colo.1982).

The subpoena here listed a return date which had passed three months before trial, and the court found that the subpoena had not been continued. Since the subpoena was invalid as a matter of law, there was no valid basis upon which to issue a warrant for the witness. *See People v. Martin,* 791 P.2d 1159 (Colo.App.1989).

Moreover, after the witness failed to appear to testify during an afternoon session of the trial, the trial court continued the trial until late the next morning to give defense counsel an opportunity to locate the witness. When this proved unsuccessful, the court refused to order another continuance. This ruling was discretionary with the trial court and cannot be overturned absent a clear abuse of discretion. *People v. Mann, supra.*

We conclude that the trial court did not abuse its discretion here. The defense had failed to exercise due diligence by allowing the subpoena to lapse and the court accommodated defendant's request by continuing the trial for a time to allow defense counsel to remedy the situation. The fact that the trial court did not grant an additional continuance cannot be considered as an abuse of discretion under these circumstances.

Judgment affirmed.

SMITH and PLANK, JJ., concur.